**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael Allan CLARK, Defendant—
Appellant.**

No. 04–10256.

D.C. No. CR–03–00245–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided Aug. 9, 2005.

Crane Pomerantz, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John N. McNicholas, Las Vegas, NV, for Defendant–Appellant.

Appeal from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM**

Michael Allan Clark appeals his conviction and sentence following a jury trial on one count of making false statements to a federally insured institution, 18 U.S.C. § 1014, and four counts of wire fraud, 18 U.S.C. § 1343. We affirm his conviction and remand to the district court for the limited purpose of reconsidering the sentence pursuant to *United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.2005). Clark raises several issues.

■ We review for plain error Clark's argument that the introduction of his behavior towards women was evidence admitted in violation of Federal Rules of Evidence 404(b) because he did not object to its admission at trial. *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir.1995). The district judge ordered the prosecutor to rephrase the question, which the prosecutor did, thus mitigating any potential adverse effect. Moreover, Clark has made no showing that the testimony changed the outcome of his trial. *Id.* at 1433 (holding that evidence of bad acts did not affect substantial rights because defendants

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"failed to demonstrate that it changed the outcome of the trial").

 Clark makes several arguments regarding the district court's determination of facts that were used to enhance his sentence: that Clark obstructed justice, the amount of the intended loss, and that Clark was involved in more than minimal planning. We remand to the district court for the limited purpose of determining whether it would have sentenced Clark to a materially different term in prison had it known then that the federal sentencing guidelines were advisory. *Ameline,* 409 F.3d at 1079.

We **AFFIRM** Clark's conviction but **REMAND** for reconsideration of the sentence.